JS 44 (Rev. 12/07) HB 11-CV-6697

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

11 6697

**I. (a) PLAINTIFFS**
Simon Sop and Marie Lewis-Sop

**DEFENDANTS**
Whirlpool Corporation and Daewoo Electronics

**(b)** County of Residence of First Listed Plaintiff: Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph A. Malley, III, Esquire, 15 East Second Street
Media, Pennsylvania 19063 (610) 566-8010

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☒ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Brief description of cause:
Products liability case of defective microwave oven

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** in excess of $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 10/25/11
SIGNATURE OF ATTORNEY OF RECORD

OCT 26 2011

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT

HB 11 6697

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 228 Bartlett Avenue, Sharon Hill, PA 19079

Address of Defendant: 2000 N. M-63, Benton Harbor, MI 49022

Place of Accident, Incident or Transaction: 228 Bartlett Avenue, Sharon Hill, PA 19079

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: ________ Judge ________ Date Terminated: ________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, ________________, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ________ ________ Attorney-at-Law ________ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

OCT 26 2011

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10-25-2011 Joseph A. Malley, III, Esq. (Attorney-at-Law) 27866 (Attorney I.D.#)

CIV. 609 (6/08)

HB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Simon Sop and Marie Lewis-Sop

v.

Whirlpool Corporation and Daewoo Electronics

CIVIL ACTION

11 6697

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 10-25-11 | Joseph A. Malley, III | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-566-8010 | 610-566-9362 | malleylaw@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

OCT 26 2011



HB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMON SOP and MARIE LEWIS SOP | : | Civil Action No.: 11 6697 |
| | : | |
| v. | : | |
| | : | |
| WHIRLPOOL CORPORATION and DAEWOO ELECTRONICS | : | |

FILED
OCT 26 2011
MICHAEL E. KUNZ, Clerk
By_______________Dep. Clerk

## COMPLAINT

Plaintiffs, Simon Sop and Marie Lewis-Sop, by and through their attorney, Joseph A. Malley, III, Esquire, respectfully represent as follows:

### Parties

1. Plaintiffs, Simon Sop and Marie Lewis Sop are adult individuals who currently reside at 228 Bartlett Avenue, Sharon Hill, Pennsylvania 19079.

2. Defendant, Whirlpool Corporation ("Whirlpool") is a company incorporated formed in the State of Delaware, and designs, manufactures, distributes and sells the Magic Chef brand of household appliances with a principal business address at 2000 N. M-63, Benton Harbor, MI 49022.

3. Defendant, Daewoo Electronics ("Daewoo") is a foreign corporation based in Seoul, South Korea, engaged in the manufacture of home electronics that are sold around the world, among them Magic Chef microwave ovens on behalf of defendant, Whirlpool. This company is represented in the United States of America by Littleton, Joyce, Ughetta and Park, 39 Broadway, 34th Floor, New York, NY 10006.

## Jurisdiction

4. Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy. Plaintiffs are adult individuals currently residing in the Commonwealth of Pennsylvania. Defendant, Whirlpool is a corporation formed under the laws of the State of Delaware, while Defendant, Daewoo, is a foreign corporation based in Seoul, South Korea. The amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## Background

5. On or about October 30, 2009, a fire occurred in the home of Simon Sop and Marie Lewis-Sop located at 228 Bartlett Avenue, Sharon Hill, Pennsylvania 19079.

6. The fire has been determined to have originated from a wall-mounted Magic Chef Microwave Oven located in Plaintiffs' kitchen.

7. The fire was determined to have been caused by an electrical malfunction within the control compartment of the subject microwave oven.

8. The subject wall-mounted Magic Chef Microwave Oven was manufactured by defendant, Daewoo, for defendant, Whirlpool.

9. Any identification plates and labels were destroyed by the fire damage to the unit.

10. As a result of the aforementioned fire, plaintiffs, the insured, filed an insurance claim with the Philadelphia Contributionship Insurance Company (PCIC) for the property damage caused by the fire.

11. As a result of this claim, plaintiffs sustained damages in an amount in excess of $206,000.00 and payments for the repair and restoration of their home, repair and replacement of personal property, and alternative living expenses.

12. The amounts sustained in damages was substantially greater than the amount of coverage afforded by the PCIC, thus forcing the plaintiffs to deplete their entire life savings and borrow considerable amounts of money in order to restore their home to its condition prior to the fire as aforesaid.

**COUNT I**
**Negligence**

13. Plaintiffs repeat the allegations set forth above in paragraphs 1 to 12, as thought set for the herein at length.

14. Defendant, Whirlpool, is now and at all times mentioned in this complaint, in the business of designing, manufacturing, assembling, marketing and selling the Magic Chef brand of microwave ovens.

15. Defendant, Daewoo, is now and at all time mentioned in the compliant in the business of manufacturing and assembling the Magic Chef brand of microwave ovens.

16. On October 30, 2009 a fire occurred a the home of the plaintiffs.

17. The fire was found to have originated from the wall-mounted Magic Chef microwave oven that is the subject of this action.

18. At all times mention in this complaint, defendant Whirlpool, so negligently and carelessly designed, manufactured, inspected, marketed and sole the said wall-mounted Magic Chef microwave oven that it was dangerous and unsafe for its intended use.

19. At all times mention in this complaint, defendant Daewoo, so negligently and carelessly manufactured and assembled the said wall-mounted Magic Chef microwave oven that is was dangerous and unsafe for its intended use.

20. Defendants, Whirlpool and Daewoo, as the designers, manufacturers, marketers and sellers of the subject product have a duty to produce a non-defective product.

21. This fire was caused by an electrical malfunction within the control panel of the subject microwave oven.

22. Plaintiff alleges that the incident subject to this compliant would not have occurred but for the negligence of the defendants.

23. Plaintiff cannot more specifically allege the acts of negligent design, manufacture, and inspection on the parts of Whirlpool and Daewoo, for the reason that facts in that regard are peculiarly within the knowledge of these defendants and their agents.

24. As a direct and proximate result of the defendants' negligence and carelessness as described above, plaintiffs were forced to have extensive repair and restoration work done to their home, repair and replace substantial personal property, and find an alternative place to live while the repairs and restoration were performed.

25. By reason of the foregoing, plaintiffs, Simon Sop and Marie Lewis-Sop, suffered damages in an amount in excess of the insurance coverage of $206,000.00 together with interest and costs of this action to which they are entitled.

26. To date, plaintiffs have expended in excess of $75,000.00 over and above the amount paid by their insurance carrier in order to restore their home to the condition to which it was prior to the fire as aforesaid.

***WHEREFORE***, plaintiffs, Simon Sop and Marie Lewis-Sop, respectfully demand judgment in their favor and against defendants, Whirlpool Corporation and Daewoo Electronics, in an amount in excess of $75,000.00 together with interest and the costs of this action and any other relief this Court may deem just and proper.

**COUNT II**
**Strict Liability**

27. Plaintiff repeats the allegations set forth above in paragraphs 1 to 26 as though set forth herein at length.

28. At all times mentioned in this Complaint, the aforementioned wall-mounted Magic Chef Microwave oven was defective as to design and manufacture, in that an electrical malfunction occurred within the control compartment of the subject appliance.

29. At all times relevant to this Complaint the subject Magic Chef microwave oven and its component parts were defective as to design and manufacture at the time it left the manufacturing facility of Daewoo and distribution centers of Whirlpool.

30. Under the circumstances then and there existing, the subject Magic Chef microwave oven was unsafe for its intended use for the reason that the appliance had caused an unreasonably dangerous condition.

31. Plaintiffs were not aware of the dangerous condition of the appliance prior to or at the time of the use of the Magic Chef microwave oven.

32. On October 30, 2009, the Magic Chef microwave oven was used in a manner and for the purpose the defendants, Whirlpool and Daewoo, had intended and as a

proximate result of its use, the product caused plaintiffs to suffer the aforementioned damages.

33. As a direct and proximate result of the defect in the defendants' product and of their failure to give plaintiffs adequate warning of the danger of its use, a fire occurred at the home of the plaintiffs.

34. As a result of this fire, plaintiffs were forced to have extensive repair and restoration work done to their home, repair and replacement of substantial personal property, and find an alternative place to live while the repairs and restoration were performed.

35. By reason of the foregoing, plaintiffs suffered damages in an amount in excess of the $206,000.00 paid by their insurance carrier together with interest and costs of this action to which they are entitled.

***WHEREFORE***, plaintiffs, Simone Sop and Marie Lewis-Sop, demand judgment in their favor and against defendants, Whirlpool Corporation and Daewoo Electronics, in an amount in excess of $75,000.00 and any other relief the Court may deem just and proper.

**COUNT III**
**Breach of Warranty**

36. Plaintiff repeats the allegations set forth above in paragraphs 1 to 35, as though set forth herein at length.

37. Defendants, Whirlpool and Daewoo, expressly and/or impliedly warranted that the wall-mounted Magic Chef microwave oven was same and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

38. The fire of October 30, 2009 and the consequent damage sustained by plaintiffs was caused by defendants', Whirlpool and Daewoo, breach of such express and/or implied warranties.

39. As a direct and proximate result of the defendants' breach of expressed and/or implied warranty, a fire resulted and plaintiffs were forced to have extensive repair and restoration work done to their home, the repair and replacement of substantial personal property, and find an alternative place to live while the repair and restoration was performed.

40. By reason of the foregoing, plaintiffs suffered damages in the amount in excess of the insurance coverage of $206,000.00 together with the interest and costs of this action to which they are entitled.

***WHEREFORE***, plaintiffs, Simon Sop and Marie-Lewis Sop, demand judgment in their favor against defendants, Whirlpool Corporation and Daewoo Electronics, in an amount in excess of $75,000.00 and any other relief the Court may deem just and proper.

**Demand for Trial by Jury**

Pursuant to Fed.R.Civ. 38(b), the plaintiffs hereby demand a Trial by a jury.

Respectfully submitted:

The Law Office of Joseph A. Malley, P.C.

***JOSEPH A. MALLEY, III, ESQUIRE***
Attorney for Plaintiffs
15 East Second Street